IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOVEMENT MORTGAGE, LLC　　　　　*
841 Seahawk Circle　　　　　　　　　　*
Virginia Beach, VA 23452　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　Plaintiff,　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
vs.　　　　　　　　　　　　　　　　　*　　**Case No.:**
　　　　　　　　　　　　　　　　　　*
ANSWER TITLE AND ESCROW, LLC　　*
10 G Street, NE, Suite 460　　　　　　　*
Washington, DC 20002　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
Serve on:　　　　　　　　　　　　　　*
S. Kathryn Allen　　　　　　　　　　　*
714 Whittier Street, NW　　　　　　　　*
Washington, DC 20012　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　Defendant.　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
* * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

Plaintiff, Movement Mortgage, LLC ("Movement"), by undersigned counsel, Ari Karen, Esquire and the law firm of Offit Kurman, P.A., sues Defendant Answer Title & Escrow, LLC ("Answer"), and for cause of action states:

### Parties

1. Movement is, and at all times material to this action was, a limited liability company created, formed and registered to transact business as a mortgage bank in the State of Delaware and duly registered as a foreign entity licensed to transact business in the District of Columbia.

2. Answer is, and at all times material to this action was, a limited liability company created, formed and registered to transact business as a title company in the District of Columbia.

## Jurisdiction and Venue

3. The jurisdiction and venue of this court is proper as all events giving rise to the present action occurred in the District of Columbia.

4. This Court has jurisdiction over this matter since the parties are citizens of separate states and the amount in controversy exceeds $75,000.

## Facts Applicable to All Counts

5. On or about November 30, 2014, Charles Buskey (the "Buyer") entered into a contract with the DC Housing Enterprise (the "Seller") to purchase real property in the District of Columbia.

6. Following his execution of the contract, the Buyer arranged for financing for the payment to the Seller and availability of additional funding to make improvements on the real property, conditioned upon Movement receiving a deed of trust securing its interest in the property.

7. Answer was engaged as the settlement agent to perform the closing whereby, upon the execution of all closing documents necessary to convey the title of the property to the Buyer from the Seller and perfect Movement's security interest in the property, Answer would cause the release of Movement's funding to Seller in the amount of the purchase price and fund the account for the improvement costs.

8. At the closing, the Seller refused to sign the settlement documents conveying the property to the Buyer, and thus the security instrument necessary as a precondition to Movement release of funds to the Seller was not obtained.

9. Despite the fact that the Seller did not sign the closing documents and therefore did not convey title to Buyer, meaning Movement could not obtain the necessary security instrument, , Answer funded the loan paying the purchase price to the Seller and creating the construction financing for the borrower.

10. Answer, as a title company, had a duty to perform its duties in good faith and with reasonable care and prudence for the benefit of Movement.

11. Movement, consistent with Answer's instructions and through no fault of

its own, has been deprived of the monies that have been improperly transferred to the Seller as a result of Answer's improper conduct.

12. Consistent with Movement's standard business practices and standard industry practice, Movement sold the loan to an investor after it was closed, still unaware that Seller had not signed the closing documents.

13. Answer, as a title company with extensive experience in the mortgage industry, knew or should have known that Movement would sell the loan to an investor after the loan closed.

14. Several weeks after it wired the funds to the Seller and after it had sold the loan to an investor, Movement learned that the Seller had not, in fact, signed the closing documents conveying the property to the Buyer and that no deed of trust or other document creating a security interest in the subject property had been executed or recorded. At no point did Answer ever advise Movement of these facts. Instead, Movement was advised of this information from the Buyer.

15. Movement, pursuant to its sale contract with its investor, may be required to make the investor whole in the event that the loan is not saleable or defective in any way, including additional fees and penalties beyond the loan amount.

16. For the reasons set forth herein, Movement is subject to an action for repurchase of the loan and the liabilities attendant thereto as a result of Answer's improper activities.

## COUNT I – DECLARATORY RELIEF

17. Movement adopts and incorporates the allegations set forth in paragraphs 1 through 16 as though set forth fully herein.

18. Answer had a duty to Movement to ensure that all closing documents, including the deed of trust and other documents creating a security interest in the subject property, were signed by all parties to the transaction prior to delivering funds to the Seller.

19. Answer breached that duty when it delivered the funds to the Seller notwithstanding Seller's failure to sign the closing documents, and when it failed to disclose to Movement that the Seller had not executed the closing documents and deed of trust.

20. Movement, consistent with standard industry practice and without any negligence or wrongdoing on its own part or knowledge of the potential defect, sold the loan to an investor.

21. Movement hereby seeks a declaration that, in the event that the investor seeks Movement to repurchase the loan or otherwise indemnify the investor for any losses related to the loan, Answer shall fully indemnify Movement for any costs, expenses and or sums due related to the repurchase of the loan.

WHEREFORE Movement seeks a declaration that Answer shall indemnify and hold harmless Movement for any costs, expenses, or sums due to any investor as a result of the sale of the loan by Movement.

## COUNT II – NEGLIGENT MISREPRESENTATION

22. Movement adopts and incorporates the allegations set forth in paragraphs 1 through 21 as though set forth fully herein.

23. Answer had a duty to Movement to ensure that all closing documents, including the deed of trust and other documents creating a security interest in the subject property, were signed by all parties to the transaction prior to delivering the funds to the Seller.

24. Answer breached its duty to Movement by delivering the funds to the

Seller prior to the Seller's execution of the closing documents.

25. Answer further breached its duty to Movement when it failed to advise Movement that the Seller had not executed the closing documents in a timely manner after the funds were delivered to the Seller.

26. Answer negligently omitted to advise Movement of the aforementioned events in a timely manner, leading to Movement's sale of the loan which exposes Movement to the possibility of additional damages.

27. Movement has been damaged by Answer's conduct and has and will incur substantial losses in the future, including but not limited to the loan amount, interest, fees and costs related to the sale of the loan to the investor.

WHEREFORE, Movement seeks judgment in its favor and against Answer in the amount of $500,000 or such other amount to be determined at trial.

## COUNT III – BREACH OF FIDUCIARY DUTY

28. Movement adopts and incorporates the allegations set forth in paragraphs 1 through 27 as though set forth fully herein.

29. Answer had a fiduciary duty to Movement which required, *inter alia,* that Answer exercise due care and ensure that all closing documents, including the deed of trust and other documents creating a security interest in the subject property, were signed by all parties to the transaction prior to delivering the funds to the Seller.

30. Answer breached its duty to Movement by delivering the funds to the Seller prior to the Seller's execution of the closing documents.

31. Answer further breached its duty to Movement when it failed to advise

Movement that the Seller had not executed the closing documents in a timely manner after the funds were delivered to the Seller.

32. Movement has been damaged by Answer's conduct and has and will incur substantial losses in the future, including but not limited to the loan amount, interest, fees and costs related to the sale of the loan to the investor.

WHEREFORE, Movement seeks judgment in its favor and against Answer in the amount of $500,000 or such other amount to be determined at trial.

OFFIT KURMAN, P.A.

By: *Ari Karen*/gpc
Ari Karen
DC Bar No.: 457189
Offit Kurman, P.A.
4800 Montgomery Lane, 9th Floor
Bethesda, MD 20814
akaren@offitkurman.com
(240) 507-1700
(240) 507-1735 (facsimile)
*Counsel for Plaintiff*

4819-2117-1499, v. 1